UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80609-CIV-DIMITROULEAS

NELSON FERNANDEZ,

    Plaintiff,

VS.

BRUNO NORTHFLEET, INC., D/B/A
NORTHFLEET,

    Defendant.
_____/

**OMNIBUS ORDER**

**THIS CAUSE** is before the Court on Defendant Bruno Northfleet Inc.'s Motion to Dismiss Plaintiff's Amended Complaint for Declaratory and Injunctive Relief for Failure to State a Claim [DE 17] (the "Motion to Dismiss") and Defendant's Motion for Rule 11 Sanctions Pertaining to the Plaintiff's Complaint and Amended Complaint [DE 20] (the "Motion for Sanctions"). The Court has carefully reviewed Plaintiff's Amended Complaint [DE 15], the Motions [DEs 17, 20], Plaintiff's Responses in Opposition [DEs 18, 21], Defendant's Reply [DE 19], the supplemental filings [DEs 22, 23], and is otherwise fully advised in the premises.

For the reasons stated herein, Defendant's Motion to Dismiss is granted in part and denied in part and Defendant's Motion for Sanctions is denied.

**I.   BACKGROUND**

Plaintiff Nelson Fernandez ("Plaintiff" or "Fernandez") brings this action against Defendant Bruno Northfleet, Inc. ("Defendant") under 42 U.S.C. § 12182, Title III of the American with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"). Plaintiff is a visually impaired, physically disabled person who relies on the assistance of

1

appropriate screen reader software and other technology and assistance to read online content through his computer. [DE 15], ¶¶ 5-6. Defendant is a Florida for-profit corporation that owns and operates retail stores selling bracelets, handbags, shoes, and jewelry, including a store at the Town Center Mall in Boca, Raton, Florida, which Plaintiff has patronized and intends to patronize in the near future. *Id.* at ¶ 7. According to Plaintiff's allegations, Defendant also maintains and operates a website (the "Website"), which contains information about the location of Defendant's stores, available merchandise, sales campaigns, and events. *Id.* at ¶¶ 12-13. The Website further allows the public to purchase merchandise online and apply for and obtain financing for the purchase of merchandise offered in the physical stores. *Id.* at ¶ 15. Plaintiff claims the Website is not compatible with his screen-reading software. *Id.* at ¶ 20-22. The main deficits identified by Plaintiff are that the home page button and product images are not properly labeled, product descriptions and prices are inaccessible, and the lack of prompting information to allow those using screen-reader software to locate and fill out forms to purchase Defendant's merchandise. *Id.* As such, Plaintiff seeks declaratory and injunctive relief against Defendant, alleging that Defendant's Website violates Title III of the ADA as well as Section 504 of the Rehabilitation Act.[1] Plaintiff also brings a common law claim for trespass. Defendant now moves to dismiss Plaintiff's claims.

II. **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard

---

[1] The Rehabilitation Act requires all programs, projects, and activities operated by federally funded entities be readily accessible to persons with disabilities. "Discrimination claims under the Rehabilitation Act are governed by the same standards used in ADA cases, *see* 29 U.S.C. § 794(d) . . . ." *Cash v. Smith*, 231 F. 3d 1301, 1305 (11th Cir. 2000). Indeed, "cases decided under the Rehabilitation Act are precedent for cases under the ADA, and vice-versa." *Id.* at 1305 n.2 (citing *Pritchard v. Southern Co. Services*, 92 F. 3d 1130, 1132 n.2 (11th Cir. 1996).

"does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And "on the assumption that all the allegations are true (even if doubtful in fact)," the factual allegations pleaded "must be enough to raise a right to relief above the speculative level." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2)). "The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Boyd v. Warden, Holman Correctional Facility*, 856 F.3d 853, 864 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

In the instant Motion to Dismiss, Defendant seeks dismissal of Plaintiff's Amended Complaint on three grounds. First, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted with respect to his ADA claim because Plaintiff has failed to show the Website is subject to the ADA. Second, Defendant seeks dismissal of Plaintiff's Rehabilitation Act claim because Defendant asserts it does not receive federal assistance within the meaning of the Rehabilitation Act. Finally, Defendant argues that Plaintiff fails to allege facts sufficient to state a claim for common law trespass. The Court will address each claim in turn.

#### A. Violation of the ADA (Count I)

Defendant moves to dismiss Plaintiff's ADA claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that Defendant's Website is not a place of public accommodation under Title III of the ADA. By separate motion, Defendant also requests the Court impose sanctions against Plaintiff and his counsel for making "baseless claims throughout his Amended Complaint which have no evidentiary support and are against existing caselaw," namely, the Eleventh Circuit's recent decision in *Gil v. Winn-Dixie Stores, Inc.*, 993 F.3d 1266 (11th Cir. 2021) ("*Gil*").

First, the Court notes that the *Gil* decision is not yet final. Last month, in ruling on a motion to dismiss not unlike the instant Motion, Judge Kenneth A. Marra stated the following:

> Notably, two days after the panel opinion in *Gil* was issued, the Court entered an order withholding the mandate. Thus, at this time, the mandate has not issued from the appellate court, and there is a motion for rehearing pending. In general, the mandate in any case functions to end the jurisdiction of the appellate court and to return full jurisdiction of the case to the trial court. *See Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir.1990) ("[A] district court ... is without jurisdiction to rule in a case that is on appeal, despite a decision by this court, until the mandate has issued."); *U.S. v. Bell*, 501 F. App'x 946, 947, (11th Cir. 2012) ("the first dismissal was entered when the district court lacked jurisdiction because it was entered before the mandate issued"). Furthermore, until the

> Eleventh Circuit rules on the motion for rehearing, the authority of *Gil* will be questionable. Until those matters are resolved, this Court cannot definitively rely on *Gil*.

*Fernandez v. Mattress Xperts Broward, Inc.*, No. 21-80573-CIV, 2021 WL 3931243, at *2 (S.D. Fla. Sept. 2, 2021). The Court notes that, as of the date of this Order, the Eleventh Circuit has yet to rule on the motion for rehearing. Nonetheless, the Court turns to the *Gil* decision in the event that it becomes binding law.

In *Gil*, the Eleventh Circuit held that "websites are not a place of public accommodation under Title III of the ADA." *Gil*, 993 F.3d at 1277. The Eleventh Circuit also recognized that Title III's protection "covers both tangible . . . and *intangible barriers*, such as eligibility requirements and screening rules or discriminatory policies and procedures that restrict a disabled person's ability to enjoy the defendant entity's goods, services and privileges." *Id.* at 1278 (quoting *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1283 (11th Cir. 2002)) (emphasis in original). The Court acknowledged that a website may contain an intangible barrier that violates Title III, but rejected the nexus standard, which requires a plaintiff "to demonstrate that there is a 'nexus' between the service and the physical public accommodation." *Id.* at 1281. Rather, the inaccessibility of a website must serve as an "intangible barrier" to the plaintiff's ability "to communicate with [defendant]'s physical stores, which results in [plaintiff] being excluded, denied services, segregated, or otherwise treated differently from other individuals in the physical stores." *Id.* at 1280.

Further, the Eleventh Circuit provided some indication of when an intangible barrier violates Title III. For example, an intangible barrier violates Title VII where it provides the "sole access point" to a privilege of a physical place public accommodation. *Id.* at 1279. The Court also indicated that whether the website acts as a "point of sale" is a relevant inquiry:

> In the case at hand, however, Winn-Dixie's limited use website, although inaccessible by individuals who are visually disabled, does not function as an intangible barrier to an individual with a visual disability accessing the goods, services, privileges, or advantages of Winn-Dixie's physical stores (the operative place of public accommodation). Specifically, Winn-Dixie's website has only limited functionality. Most importantly, it is not a point of sale; all purchases must occur at the store. Further, all interactions with Winn-Dixie which can be (although need not be) initiated on the website must be completed in-store: prescription pick-ups and redemption of coupons.

*Id.*

The issue here is whether Plaintiff's Amended Complaint sufficiently alleges that Defendant's Website creates an intangible barrier that excludes Plaintiff from accessing the goods, services, privileges, or advantages of Defendant's physical stores. According to the Amended Complaint, Defendant "controls, maintains, and/or operates an adjunct website" and "sells to the public its merchandise through the Website." *See* [DE 15], ¶ 12. Plaintiff further alleges that Defendant's Website is a "point of sale for Defendant's network of stores" and "enables users of the Website to make purchases of merchandise from Defendant that are available online but may not be available in the physical stores Plaintiff intended to patronize." *Id.* at ¶ 14. Moreover, Plaintiff states that Defendant's website allows users "to apply for and obtain financing for the purchase of merchandise offered in the physical stores." *Id.* at ¶ 15. Based on these allegations relating to Defendant's Website, which appear factually distinct from the website in *Gil*, the Court finds dismissal inappropriate at this time.

In sum, because the *Gil* decision is not yet final and because the Court cannot yet discern whether, as a matter of law, Defendant's Website operates as an intangible barrier to accessing the goods, services, privileges or advantages of Defendant's physical stores, Defendant's Motion

as to Count I is due to be dismissed. Of course, Defendant is not foreclosed from raising these issues at a later time.[2]

Given the Court's ruling as to Count I, no sanctions are appropriate.

**B. Violation of the Rehabilitation Act (Count II)**

Defendant also seeks dismissal of Plaintiff's Rehabilitation Act claim. Defendant premises its argument on the contention that receipt of assistance under the CARES Act does not qualify as federal assistance within the meaning of the Rehabilitation Act. Thus, the central dispute is whether Defendant's receipt of federal funds in the form of Economic Injury Disaster Loans ("EID Loans") and Paycheck Protection Program Loans ("PPP Loans"), disbursed pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), constitute federal funding for the purpose of bringing Defendant within the Rehabilitation Act's anti-discrimination provisions.

Here, Plaintiff alleges that "Defendant also owns . . . or operates a business that is the recipient of federal financial assistance" and "as a recipient of financial assistance, Defendant has subjected itself and all of its operations, . . . including its Website, to the . . . provisions of the Rehab Act." [DE 15], ¶¶ 7, 16. Despite Defendant's contrary assertions, the Court finds these allegations sufficient at the pleading stage. *See Husbands v. Financial Management Solutions, LLC*, No. GJH-20-3618, 2021 WL 4339436, at *8 (D. Md. Sept. 23, 2021) (finding allegations that a defendant was the recipient of federal financial assistance sufficient to state a claim for relief under the Rehabilitation Act despite defendant's urging that it only received funds in the

---

[2] In the event that *Gil* becomes final, the Court questions whether Plaintiff's allegations that he "had patronized and intended to patronize in the near future" one of Defendant's retail stores controverts his claims that Defendant's Website serves as an intangible barrier to Defendant's physical stores. *See Gil*, 993 F.3d at 1280 ("[N]othing prevents Gil from shopping at the physical store. In fact, he had done so for many years before he freely chose to stop shopping there."). Nevertheless, the Court need not determine that issue at this juncture, particularly where no mandate has been issued and the factual record has not been more fully developed.

form of PPP loans disbursed under the CARES Act); *see also Moore v. Sun Bank of North Florida, N.A.*, 923 F. 2d 1423, 1431-32 (11th Cir. 1991) (interpreting Section 504 of the Rehabilitation Act to apply broadly to "contracts of insurance or guaranty" that fell within the meaning of "federal financial assistance" for purposes of coverage). Any doubts as to whether the federal funding Defendant received qualifies as "federal financial assistance" for purposes of Rehabilitation Act coverage are better addressed after discovery, when the evidentiary record has been more fully developed. At the Motion to Dismiss stage, however, Plaintiff has sufficiently alleged facts to support its Rehabilitation Act claim. Accordingly, Defendant's Motion with respect to Count II is denied.

### C. Trespass (Count III)

Defendant argues Plaintiff fails to state a claim that Defendant committed a trespass. In response, Plaintiff agrees to withdraw and dismiss Count III. Accordingly, Defendant's Motion with respect to Count III is granted and Count III of Plaintiff's Amended Complaint is dismissed.

### IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 17] is **GRANTED in part and DENIED in part**;

2. Count III for Trespass is **DISMISSED as Withdrawn;**

3. Defendant shall file an answer to the Amended Complaint [DE 15] on or before **November 1, 2021**; and

4. Defendant's Motion for Sanctions [DE 20] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of October, 2021.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record